UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>      MICHAEL D. SCHIMEK,<br><br>                                        Debtor. | Chapter 7<br><br>Case No. 24-10213 (MG) |
| GLORIA ALLRED,<br><br>                                        Plaintiff,<br>vs.<br>MICHAEL D. SCHIMEK,<br><br>                                       Defendant. | Adv. Pro. No. 24-01337 (MG) |

## ORDER AFTER TRIAL OVERRULING PLAINTIFF'S OBJECTION TO DISCHARGE

Before the Court is the remaining claim from Plaintiff Gloria Allred's (the "Plaintiff") complaint (the "Complaint," Adv. Pro. ECF Doc. No. 1) to deny discharge to debtor Michael D. Schimek (the "Debtor") under Section 727(a)(4)(A) of the Bankruptcy Code. This Court had previously dismissed all five causes of action in the complaint (Adv. Pro. ECF Doc. No. 12), after which Plaintiff appealed to the District Court. The District Court affirmed in part and vacated in part this Court's order, determining that this Court improperly dismissed the third cause of action under Section 727(a)(4)(A). *Allred v. Schimek*, 753 F. Supp. 3d 334, 346 (S.D.N.Y. 2024).

The District Court explained that to deny discharge under Section 727(a)(4)(A), a party must sufficiently show that: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with the intent to deceive; and (5) the statement materially related to the bankruptcy case." *Id.* at 343; *In*

*re Fraleigh,* 474 B.R. 96, 104-05 (Bankr. S.D.N.Y. 2012). According to the District Court, Plaintiff had sufficiently alleged all five elements in the complaint, specifically noting that Debtor's CMI statement was false for not including expenses paid by the Debtor's partner, Lisa Weksler, and that the Complaint sufficiently alleged that the Debtor had the intent to deceive by falsifying his CMI to overcome the means test and proceed with a Chapter 7 discharge. *Allred,* 735 F. Supp at 344-45.

The District Court remanded the case to this Court to determine whether the Debtor "made his disclosures with fraudulent intent" and should therefore be denied discharge. *Id.* at 346. As cited by the District Court, "whether the debtor had the necessary wrongful intent is a question of fact." *Id.* at 345 (citing 6 COLLIER ON BANKR. ¶ 727.02[3][a] (16th ed. 2024)). Plaintiff must prove by a preponderance of the evidence that the Debtor had the requisite fraudulent intent – whether a debtor intended to deceive the reader of the schedules – for discharged to be denied. *In re Fraleigh*, 474 B.R. at 105; *Baron v. Klutchko (In re Klutchko)*, 338 B.R. 554, 567 (Bankr. S.D.N.Y 2005).

Mistakes in the filing alone will not be sufficient to prove fraudulent intent. The court in *Fraleigh* cites to *In re Radloff,* 418 B.R. 316, 326 (Bankr. D. Minn 2009) for the proposition that "mistakes in the schedules will not doom a debtor's discharge." The *Radloff* court stated "[t]he application of § 727(a)(4) does not require the draconian, zero-tolerance execution of a technical-compliance fiat." *In re Radloff,* 418 B.R. at 326. The Debtor in *Radloff* failed to include the income of his non-filing spouse on the Schedule I on the advice of counsel, which the court held was not enough for the creditor to carry her burden of proof for a denial of discharge: "minute analysis of the inconsistencies and holes in the Debtor's court filings was not enough to make out a case for the drastic expedient of § 727(a)(4)." *Id*. at 332.

This Court held a trial to determine the merits of Plaintiff's claim. The Debtor was the sole witness. The Debtor testified at trial to the following: that he relied on bankruptcy counsel in preparing and making the disclosures; that he believed the schedules were correct; that he submitted amended schedules to correct some errors regarding his expenses and number of individuals in his household before the 341(a) meeting; *and that he disclosed to the Chapter 7 Trustee and Plaintiff's counsel at the 341(a) meeting that his expenses are paid by Ms. Weksler, a fact that Plaintiff's counsel acknowledged during the trial.*

Plaintiff has not met her burden of proof for a denial of discharge under Section 727(a)(4)(A). While the debtor in *Radloff* did include his non-filing partner's income in the means test calculation unlike Mr. Schimek (*id*. at 327), Mr. Schimek was forthright in disclosing that all his expenses are paid by Ms. Weksler during the 341(a) meeting. Plaintiff has failed to show that despite this disclosure the Debtor had intended to deceive Plaintiff and other creditors with the failure to include Ms. Weksler's contributions in his initial and amended schedules.

**IT IS SO ORDERED THAT**

1. Plaintiff has not demonstrated by a preponderance of the evidence that Debtor made disclosures with fraudulent intent; and

2. Discharge will not be denied under Section 727(a)(4)(A).

Dated:   October 17, 2025
         New York, New York

/s/ Martin Glenn
MARTIN GLENN
Chief United States Bankruptcy Judge